UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

PATRICK KELLETT, et al., )
)
        Plaintiffs, )
)
    vs. ) No. 4:08-CV-917 (CEJ)
)
NANCY J. MEYERS, d/b/a )
Meyers Plumbing Services, )
)
        Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment against defendant Nancy J. Meyers, d/b/a Meyers Plumbing Services, pursuant to Rule 55(b)(2), Fed.R.Civ.P. The summons and a copy of the complaint were served on defendant on July 14, 2008. Defendant did not file an answer or other responsive pleading or seek additional time to do so. Upon plaintiffs' motion, the Clerk of Court entered default against defendant on September 11, 2008.

Plaintiffs bring this action pursuant to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001 et seq., and the Labor Management Relations Act (LMRA), 29 U.S.C. §§ 141 et seq. Plaintiffs are three employee benefit plans (the Welfare, Pension, and Supplemental Pension Funds), their trustees, and the Plumbers and Pipefitters Local 562. Defendant Nancy J. Meyers, d/b/a Meyers Plumbing Services, is a party to a collective bargaining agreement with the Plumbers and Pipefitters Local 562.

Plaintiffs contend that defendant failed to make timely contributions and union dues to the plans as required under the

terms of the collective bargaining agreement.  They seek $36,402.69 in delinquent contributions, $720.00 in liquidated damages, $2,493.28 in interest, and $3,056.28 in union dues and assessments for the period of February 2008 through May 2008.  Plaintiffs additionally seek $511.50 in attorney's fees, and $464.20 in court costs.

**Discussion**

ERISA provides that employers shall make contributions when required by the terms of a collective bargaining agreement.  29 U.S.C. § 1145.  Employers who fail to make the required contributions may be liable for the unpaid contributions, liquidated damages, attorney's fees, and costs.  29 U.S.C. § 1132(g)(2).

On January 1, 2000, defendant and the Plumbers and Pipefitters Local 562 entered into a collective bargaining agreement, which remains in effect until June 30, 2010.  The collective bargaining agreement obligates defendant to make contributions to the Welfare Fund (Article 15, § 1), and Pension and Supplemental Pension Funds (Article 16, § 2).  Employers make contributions by "pay[ing] and remit[ting] to the Trustees . . . an amount . . . for each hour worked by each employee covered by this Agreement."  Id.  Under the agreement, defendant is required to make monthly reports and payments to the trusts for each covered employee, and is subject to liquidated damages and interest for untimely payments, plus attorney's fees and costs incurred in recovering those damages.  (Articles 15-16, §4).

Plaintiffs submit the affidavit of Terry Flynn, the Executive Director for the Welfare, Pension, and Supplemental Pension Funds. According to Flynn, defendant submitted contribution reports without payment from February 2008 through May 2008. Exhibit 2 sets forth the delinquent contributions for this period. The Court finds that plaintiffs have established that they are entitled to collect $36,402.69 in delinquent contributions for the period of February 2008 through May 2008.

Section 4 of Articles 15 and 16 of the collective bargaining agreement sets liquidated damages "to a maximum of $40.00 for any one month of delinquency, plus two (2%) percent per month [in interest], or any fraction of as month, of the unpaid amount starting from the first day of such delinquency and ending when such delinquency is paid in full . . . ." Pursuant to Exhibit 2, plaintiffs establish that they are entitled to liquidated damages in the amount of $720.00, and interest in the amount of $2,493.28.

Plaintiffs also submit the affidavit of their attorney, Greg A. Campbell. In his affidavit, Campbell states that his standard hourly rate for his services is $165.00 and that he spent 2.1 hours working on this case, for a fee of $346.50. A legal assistant performed 2.2 hours of work, billed at $75 per hour, for a fee of $165.00, plus court costs in the amount of $350.00 for the filing fee and $114.20 for service of process will be included in the judgment.

Because the plaintiffs cite no provision in the collective bargaining agreement requiring defendant to pay union dues and

assessments, plaintiffs have not shown that they are entitled to recover damages for these items. However, based upon its review of the record, the Court finds that plaintiffs have established their right to recover the remaining damages they seek. Thus, plaintiffs are entitled to default judgment against defendant Nancy J. Meyers, d/b/a Meyers Plumbing Services, in the amount of $40,591.67.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment against defendant Nancy J. Meyers, d/b/a Meyers Plumbing Services, [Doc. #4] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of October, 2008.